**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-7307 |
| v. | ) ) | |
| CHICAGO MEDALLION MANAGEMENT CORP., ALL CITY TAXI, LLC, ELVIN SHTAYNER, SEMYON SHTAYNER, and YASYA SHTAYNER, | ) ) ) ) ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT FOR REPLEVIN AND MONEY DAMAGES**

NOW COMES ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP. ("Advantage") by and through counsel, and for its Verified Complaint for Replevin and Money Damages against CHICAGO MEDALLION MANAGEMENT CORP. ("Chicago Medallion"), ALL CITY TAXI, LLC ("All City"), ELVIN SHTAYNER ("Elvin Shtayner"), SEMYON SHTAYNER ("Semyon Shtayner"), and YASYA SHTAYNER ("Yasya Shtayner"), states as follows:

**PARTIES**

1.      Advantage is a New York corporation with its principal place of business located at 1111 Marcus Avenue, Lake Success, New York 11042.

2.      Chicago Medallion is an Illinois corporation with its principal place of business located at 2378 W. Fulton Street, Chicago, Illinois 60612.

3.      All City is an Illinois limited liability company with its principal place of business located at 2378 W. Fulton Street, Chicago, Illinois 60612.  All City's members are Semyon

Shtayner and non-party Felix Shtayner. Non-party Felix Shtayner is a citizen of the State of Illinois domiciled in Chicago, Illinois.

4.      Elvin Shtayner is a citizen of the State of Illinois domiciled in Chicago, Illinois.

5.      Semyon Shtayner is a citizen of the State of Florida domiciled in Sunny Isles Beach, Florida.

6.      Yasya Shtayner is a citizen of the State of Florida domiciled in Sunny Isles Beach, Florida.

## JURISDICTION AND VENUE

7.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because the Defendants are subject to personal jurisdiction in this district. Venue is also proper because the property sought to be recovered pursuant to this Verified Complaint is located in this district.

## FACTS COMMON TO ALL COUNTS

**a.      Master Promissory Note and Security Agreement**

9.      On August 5, 2013, Advantage and Chicago Medallion entered into Master Promissory Note and Security Agreement No. xx4345 (the "Master Agreement") wherein Advantage agreed to finance Chicago Medallion's acquisition of: One (1) 2013 Toyota Camry Hybrid LE, VIN No. 4T1BD1FK4DU084961 (the "First Vehicle").

2

10.     Advantage further agreed to finance Chicago Medallion's acquisition of equipment and vehicles described in any subsequent Exhibit A to the Master Agreement signed by the parties.  See Master Agreement, attached hereto as Exhibit 1.

11.     Pursuant to the Master Agreement, Chicago Medallion agreed to make the following payments with respect to the First Vehicle: an initial payment of $2,055.00, followed by forty-six (46) payments of 680.00, plus all applicable taxes.  See Master Agreement attached as Exhibit 1.

12.     Pursuant to the Master Agreement, Chicago Medallion agreed to make the payments described therein, and make payment pursuant to the terms set forth in any Exhibit A executed after the date of the Master Agreement.  See Master Agreement, Paragraph G.

13.     Chicago Medallion further granted Advantage a first priority security interest in the First Vehicle financed pursuant to the Master Agreement, and a first priority security interest in any vehicles or equipment described in any subsequent Exhibit A to the Master Agreement signed by the parties.  See Master Agreement, Paragraph H.

14.     On November 22, 2016, Advantage and Chicago Medallion entered into six (6) agreements, each titled "Exhibit A," wherein Advantage agreed to finance Chicago Medallion's acquisition of the specific vehicles described therein.  Each of these agreements incorporated by reference all the terms and conditions of the Master Agreement, except as specifically modified therein.  The six (6) agreements are identified herein by loan number, and include Loan Nos. xx2658, xx2666, xx2667, xx2669, xx2670, and xx2672 (collectively defined with the Master Agreement as the "Loans").

b.      **Continuing Guaranties**

15.      To induce Advantage to enter into the Loans, Elvin Shtayner personally guaranteed the obligations of Chicago Medallion under the Loans.  Elvin Shtayner executed personal guaranties on August 5, 2013 and October 21, 2016 (the "Elvin Shtayner Guaranties"). See Elvin Shtayner Guaranties attached hereto as Exhibits 2 and 3.

16.      To induce Advantage to enter into the Loans, Semyon Shtayner personally guaranteed the obligations of Chicago Medallion under the Loans.  Semyon Shtayner executed personal guaranties on August 5, 2013 and October 21, 2016 (the "Semyon Shtayner Guaranties"). See Semyon Shtayner Guaranties attached hereto as Exhibits 4 and 5.

17.      To induce Advantage to enter into the Loans, Yasya Shtayner personally guaranteed the obligations of Chicago Medallion under the Loans.  Yasya Shtayner executed personal guaranties on August 5, 2013 and October 21, 2016 (the "Yasya Shtayner Guaranties"). See Yasya Shtayner Guaranties attached hereto as Exhibits 6 and 7.

18.      To induce Advantage to enter into the Loans, All City guaranteed the obligations of Chicago Medallion under the Loans (the "All City Guaranty").  See All City Guaranty attached hereto as Exhibit 8.

c.      **Loan No. xx2658**

19.      On November 22, 2016, Advantage and Chicago Medallion entered into Loan No. xx2658.  See Loan No. 4020-42658 attached hereto as Exhibit 9.

20.      Pursuant to Loan No. xx2658, Advantage agreed to finance Chicago Medallion's acquisition of the following vehicles (collectively the "Loan No. xx2658 Vehicles"):

| Loan Number | Vehicle Type | Vin Numbers |
|---|---|---|
| xx2658 | (13) 2013 Toyota Camry Hybrid LE | 4T1BD1FK4DU084961 |
| | | 4T1BD1FK1DU092368 |
| | | 4T1BD1FK9DU090254 |
| | | 4T1BD1FKXDU092594 |
| | | 4T1BD1FKXDU088612 |
| | | 4T1BD1FK9DU088696 |
| | | 4T1BD1FK9DU089590 |
| | | 4T1BD1FK9DU089931 |
| | | 4T1BD1FK5DU089313 |
| | | 4T1BD1FK1DU092323 |
| | | 4T1BD1FK1DU082343 |
| | | 4T1BD1FK6DU090552 |
| | | 4T1BD1FK4DU087682 |
| | (6) 2013 Toyota Prius Hybrid LE | JTDZN3EUXD3257452 |
| | | JTDZN3EU4D3256989 |
| | | JTDZN3EU9D3216973 |
| | | JTDZN3EU6D3268951 |
| | | JTDZN3EU2D3265027 |
| | | JTDZN3EU0D3254771 |

21.     Advantage and Chicago Medallion agreed to restructure the payment terms for acquisition of the First Vehicle set forth in the Master Agreement, and included the remaining balance in the amount due under Loan No. xx2658. The First Vehicle is therefore identified as a purchased vehicle on Loan No. xx2658.

22.     Pursuant to Loan No. xx2658, Chicago Medallion agreed to make payment as follows: twenty-four (24) consecutive monthly payments of $7,860.00, plus applicable taxes, commencing on November 22, 2016. See Loan No. xx2658 attached as Exhibit 9.

23.     Chicago Medallion confirmed delivery of the Loan No. xx2658 Vehicles by executing the Delivery and Acceptance Certificate. See Delivery and Acceptance Certificate for Loan No. xx2658 attached as Exhibit 10.

24.     Advantage properly perfected its security interest in the Loan No. xx2658 Vehicles. Advantage is identified as first lienholder of the vehicles on the Certificates of Title.

5

True and correct copies of the Certificates of Title reflecting Advantage's first priority security interest in the Loan No. xx2658 Vehicles are attached hereto as Exhibit 11.

25.     Chicago Medallion made 15 of 24 payments due under Loan No. xx2658.

26.     Chicago Medallion defaulted on Loan No. xx2658 by failing to make the payment due March 22, 2018, and all payments due thereafter.

27.     As a result of the payment default under Loan No. xx2658, Advantage is entitled to payment of the remaining periodic installments due under Loan No. xx2658, which equals $67,735.00.  See Master Agreement, Article 5.

28.     Advantage is further entitled to payment of late charges and prejudgment interest of $8,488.80.  See Master Agreement, Article 7.

29.     Advantage is also entitled to other costs of $205.00.

30.     As a result of the default, Advantage is entitled to possession of the Loan No. xx2658 Vehicles without demand or notice.  See Master Agreement, Article 5.

31.     The value of the Loan No. xx2658 Vehicles is estimated at $10,000.00 per Toyota Camry, and $8,000.00 per Toyota Prius, for a total of $178,000.00.

**d.     Loan No. xx2666**

32.     On November 22, 2016, Advantage and Chicago Medallion entered into Loan No. xx2666.  See Loan No. xx2666 attached hereto as Exhibit 12.

33.     Pursuant to Loan No. xx2666, Advantage agreed to finance Chicago Medallion's acquisition of the following vehicles (collectively the "Loan No. xx2666 Vehicles"):

| xx2666 | (3) 2013 Dodge Grand Caravan SE | 2C7WDGBG8DR781124<br>2C7WDGBG1DR781126<br>2C7WDGBGXDR781125 |
|---|---|---|

34.    Pursuant to Loan No. xx2666, Chicago Medallion agreed to make payment as follows: twenty-four (24) consecutive monthly payments of $1,975.00, plus applicable taxes, commencing on November 22, 2016.  See Loan No. xx2666 attached as Exhibit 12.

35.    Chicago Medallion confirmed delivery of Loan No. xx2666 Vehicles by executing the Delivery and Acceptance Certificate.  See Delivery and Acceptance Certificate for Loan No. xx2666 attached as Exhibit 13.

36.    Advantage properly perfected its security interest in the Loan No. xx2666 Vehicles. Advantage is identified as first lienholder of the vehicles on the Certificates of Title. True and correct copies of the Certificates of Title reflecting Advantage's first priority security interest in the Loan No. xx2666 Vehicles are attached hereto as Exhibit 14.

37.    Chicago Medallion made 15 of 24 payments due under Loan No. xx2666.

38.    Chicago Medallion defaulted on Loan No. xx2666 by failing to make the payment due March 22, 2018, and all payments due thereafter.

39.    As a result of the payment default under Loan No. xx2666, Advantage is entitled to payment of the remaining periodic installments due under Loan No. xx2666, which equals $17,775.00.  See Master Agreement, Article 5.

40.    Advantage is further entitled to payment of late charges and prejudgment interest of $2,133.00.  See Master Agreement, Article 7.

41.    Advantage is also entitled to other costs of $75.00.

42.    As a result of the default, Advantage is entitled to possession of the Loan No. xx2666 Vehicles without demand or notice.  See Master Agreement, Article 5.

43.    The value of the Loan No. xx2666 Vehicles is estimated at $8,000.00 per vehicle,

for a total of $24,000.00.

      **e.**      <u>**Loan No. xx2667**</u>

44.      On November 22, 2016, Advantage and Chicago Medallion entered into Loan No. xx2667. <u>See</u> Loan No. xx2667 attached hereto as Exhibit 15.

45.      Pursuant to Loan No. xx2667, Advantage agreed to finance Chicago Medallion's acquisition of the following vehicles (collectively the "Loan No. xx2667 Vehicles"):

| xx2667 | (5) 2013 Toyota Camry Hybrid LE | 4T1BD1FK2DU090127<br>4T1BD1FK6DU085948<br>4T1BD1FK7DU090110<br>4T1BD1FK0DU089011<br>4T1BD1FK7DU089698 |
|---|---|---|

46.      Pursuant to Loan No. xx2667, Chicago Medallion agreed to make payment as follows: twenty-four (24) consecutive monthly payments of $2,545.00, plus applicable taxes, commencing on November 22, 2016. <u>See</u> Loan No. xx2667 attached as Exhibit 15.

47.      Chicago Medallion confirmed delivery of the Loan No. xx2667 Vehicles by executing the Delivery and Acceptance Certificate. <u>See</u> Delivery and Acceptance Certificate for Loan No. xx2667 attached as Exhibit 16.

48.      Advantage properly perfected its security interest in the Loan No. xx2667 Vehicles. Advantage is identified as first lienholder of the vehicles on the Certificates of Title. True and correct copies of the Certificates of Title reflecting Advantage's first priority security interest in the Loan No. xx2667 Vehicles are attached hereto as Exhibit 17.

49.      Chicago Medallion made 15 of 24 payments due under Loan No. xx2667.

50.      Chicago Medallion defaulted on Loan No. xx2667 by failing to make the payment due March 22, 2018, and all payments due thereafter.

51.     As a result of the payment default under Loan No. xx2667, Advantage is entitled to payment of the remaining periodic installments due under Loan No. xx2667, which equals $22,905.00.  See Master Agreement, Article 5.

52.     Advantage is further entitled to payment of late charges and prejudgment interest of $2,748.60.  See Master Agreement, Article 7.

53.     Advantage is also entitled to other costs of $205.00.

54.     As a result of the default, Advantage is entitled to possession of the Loan No. xx2667 Vehicles without demand or notice.  See Master Agreement, Article 5.

55.     The value of the Loan No. xx2667 Vehicles is estimated at $10,000.00 per vehicle, for a total of $50,000.00.

**f.      Loan No. xx2669**

56.     On November 22, 2016, Advantage and Chicago Medallion entered into Loan No. xx2669.  See Loan No. xx2669 attached hereto as Exhibit 18.

57.     Pursuant to Loan No. xx2669, Advantage agreed to finance Chicago Medallion's acquisition of the following vehicles (collectively the "Loan No. xx2669 Vehicles"):

| xx2669 | (5) 2014 Toyota Prius V | JTDZN3EU7E3362418<br>JTDZN3EU2EJ008091<br>JTDZN3EUXEJ009652<br>JTDZN3EU0EJ009868<br>JTDZN3EU4EJ010439 |
|---|---|---|

58.     Pursuant to Loan No. xx2669, Chicago Medallion agreed to make payment as follows: thirty (30) consecutive monthly payments of $2,515.00, plus applicable taxes, commencing on November 22, 2016.  See Loan No. xx2669 attached as Exhibit 18.

59.     Chicago Medallion confirmed delivery of the Loan No. xx2669 Vehicles by

executing the Delivery and Acceptance Certificate. See Delivery and Acceptance Certificate for Loan No. xx2669 attached as Exhibit 19.

60.     Advantage properly perfected its security interest in the Loan No. xx2669 Vehicles. Advantage is identified as first lienholder of the vehicles on the Certificates of Title. True and correct copies of the Certificates of Title reflecting Advantage's first priority security interest in the Loan No. xx2669 Vehicles are attached hereto as Exhibit 20.

61.     Chicago Medallion made 15 of 30 payments due under Loan No. xx2669.

62.     Chicago Medallion defaulted on Loan No. xx2669 by failing to make the payment due March 22, 2018, and all payments due thereafter.

63.     As a result of the payment default under Loan No. xx2669, Advantage is entitled to payment of the remaining periodic installments due under Loan No. xx2669, which equals $37,725.00. See Master Agreement, Article 5.

64.     Advantage is further entitled to payment of late charges and prejudgment interest of $2,716.20. See Master Agreement, Article 7.

65.     Advantage is also entitled to other costs of $140.00.

66.     As a result of the default, Advantage is entitled to possession of the Loan No. xx2669 Vehicles without demand or notice. See Master Agreement, Article 5.

67.     The value of the Loan No. xx2669 Vehicles is estimated at $10,000.00 per vehicle, for a total of $50,000.00.

**g.      Loan No. xx2670**

68.     On November 22, 2016, Advantage and Chicago Medallion entered into Loan No. xx2670. See Loan No. xx2670 attached hereto as Exhibit 21.

69.     Pursuant to Loan No. xx2670, Advantage agreed to finance Chicago Medallion's acquisition of the following vehicles (collectively the "Loan No. xx2670 Vehicles"):

| xx2670 | (7) 2014 Toyota Camry Hybrid LE | 4T1BD1FK8EU134309 |
|--------|--------------------------------|-------------------|
|        |                                | 4T1BD1FK2EU134337 |
|        |                                | 4T1BD1FK8EU135928 |
|        |                                | 4T1BD1FK5EU134980 |
|        |                                | 4T1BD1FK9EU135873 |
|        |                                | 4T1BD1FKXEU135820 |
|        |                                | 4T1BD1FK0EU135549 |

70.     Pursuant to Loan No. xx2670, Chicago Medallion agreed to make payment as follows: thirty (30) consecutive monthly payments of $3,359.00, plus applicable taxes, commencing on November 22, 2016.  See Loan No. xx2670 attached as Exhibit 21.

71.     Chicago Medallion confirmed delivery of Loan No. xx2670 Vehicles by executing the Delivery and Acceptance Certificate.  See Delivery and Acceptance Certificate for Loan No. xx2670 attached as Exhibit 22.

72.     Advantage properly perfected its security interest in the Loan No. xx2670 Vehicles. Advantage is identified as first lienholder of the vehicles on the Certificates of Title. True and correct copies of the Certificates of Title reflecting Advantage's first priority security interest in the Loan No. xx2670 Vehicles are attached hereto as Exhibit 23.

73.     Chicago Medallion made 15 of 30 payments due under Loan No. xx2670.

74.     Chicago Medallion defaulted on Loan No. xx2670 by failing to make the payment due March 22, 2018, and all payments due thereafter.

75.     As a result of the payment default under Loan No. xx2670, Advantage is entitled to payment of the remaining periodic installments due under Loan No. xx2670, which equals $50,385.00.  See Master Agreement, Article 5.

76.     Advantage is further entitled to payment of late charges and prejudgment interest of $3,627.72.  See Master Agreement, Article 7.

77.     Advantage is also entitled to other costs of $140.00.

78.     As a result of the default, Advantage is entitled to possession of the Loan No. xx2670 Vehicles without demand or notice.  See Master Agreement, Article 5.

79.     The value of the Loan No. xx2670 Vehicles is estimated at $12,000.00 per vehicle, for a total of $84,000.00.

**h.     Loan No. xx2672**

80.     On November 22, 2016, Advantage and Chicago Medallion entered into Loan No. xx2672.  See Loan No. xx2672 attached hereto as Exhibit 24.

81.     Pursuant to Loan No. xx2672, Advantage agreed to finance Chicago Medallion's acquisition of the following vehicles (collectively the "Loan No. xx2672 Vehicles"):

| xx2672 | (10) 2015 Toyota Camry Hybrid LE | 4T1BD1FK4FU154297<br>4T1BD1FK0FU153809<br>4T1BD1FK8FU153105<br>4T1BD1FK1FU152779<br>4T1BD1FK6FU152020<br>4T1BD1FKXFU161447<br>4T1BD1FK4FU160438<br>4T1BD1FK6FU160084<br>4T1BD1FK8FU157056<br>4T1BD1FK9FU154683 |
|---|---|---|

82.     Pursuant to Loan No. xx2672, Chicago Medallion agreed to make payment as follows: forty-two (42) consecutive monthly payments of $5,000.00, plus applicable taxes, commencing on November 22, 2016.  See Loan No. xx2672 attached as Exhibit 24.

83.     Chicago Medallion confirmed delivery of Loan No. xx2672 Vehicles by executing the Delivery and Acceptance Certificate.  See Delivery and Acceptance Certificate for

Loan No. xx2672 attached as Exhibit 25.

84.     Advantage properly perfected its security interest in the Loan No. xx2672 Vehicles. Advantage is identified as first lienholder of the vehicles on the Certificates of Title. True and correct copies of the Certificates of Title reflecting Advantage's first priority security interest in the Loan No. xx2672 Vehicles are attached hereto as Exhibit 26.

85.     Chicago Medallion made 17 of 42 payments due under Loan No. xx2672.

86.     Chicago Medallion defaulted on Loan No. xx2672 by failing to make the payment due May 22, 2018, and all payments due thereafter.

87.     As a result of the payment default under Loan No. xx2672, Advantage is entitled to payment of the remaining periodic installments due under Loan No. xx2672, which equals $125,000.00. See Master Agreement, Article 5.

88.     Advantage is further entitled to payment of late charges and prejudgment interest of $5,700.00. See Master Agreement, Article 7.

89.     Advantage is also entitled to other costs of $335.00.

90.     As a result of the default, Advantage is entitled to possession of the Loan No. xx2672 Vehicles without demand or notice. See Master Agreement, Article 5.

91.     The value of the Loan No. xx2672 Vehicles is estimated at $12,000.00 per vehicle, for a total of $120,000.00.

92.     Advantage is further entitled to attorneys' fees and costs incurred enforcing its rights under the Loans. See Master Agreement, Article 5.

## COUNT I
## BREACH OF CONTRACT AGAINST CHICAGO MEDALLION

93.     Advantage repeats and realleges paragraphs 1 through 92 as though fully set forth

herein as paragraph 93 of Count I of its Complaint.

94.     Advantage has performed all of its obligations under the Loans.

95.     Chicago Medallion defaulted under Loan Nos. xx2658, xx2666, xx2667, xx2669, and xx2670 by failing to make the payments due March 22, 2018, and all payments due thereafter.

96.     Chicago Medallion defaulted under Loan No. xx2672 by failing to make the payment due May 22, 2018, and all payments due thereafter.

97.     As a result of the default under the Loans, Advantage is entitled to payment of the remaining periodic installments due under the Loans, which equals $321,525.00.  See Master Agreement, Article 5.

98.     Advantage is also entitled to payment of late charges of $25,414.32 pursuant to the Loans.  See Master Agreement, Article 7.

99.     Advantage is further entitled to other costs of $1,100.00.

100.     Advantage is further entitled to attorneys' fees and costs incurred enforcing its rights under the Loans.  See Master Agreement, Article 5.

101.     Chicago Medallion has failed and refused to make payment despite demand.

WHEREFORE, ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP. respectfully requests that this Court enter Judgment in its favor and against CHICAGO MEDALLION MANAGEMENT CORP. in the amount of $321,525.00, plus late charges of $25,414.32, plus other costs of $1,100.00, for a total of $348,039.32, plus pre-judgment interest at the rate of 18% per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

**COUNT II**
**BREACH OF GUARANTY AGAINST ALL CITY**

102.    Advantage repeats and realleges paragraphs 1 through 101 as though fully set forth herein as paragraph 102 of Count II of its Complaint.

103.    All City defaulted under the All City Guaranty by failing to make payment when due under the Loans and its guaranty thereof.

104.    Because of All City's default under the All City Guaranty, Advantage is entitled to payment of the remaining periodic installments due under the Loans of $321,525.00, late charges of $25,414.32, other costs of $1,100.00, prejudgment interest, and attorneys' fees and costs.

105.    All City has failed and refused to make payment despite demand.

WHEREFORE, Plaintiff ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP. respectfully requests that this Court enter judgment in its favor and against ALL CITY TAXI, LLC in the amount of $321,525.00, plus late charges of $25,414.32, plus other costs of $1,100.00, for a total of $348,039.32, plus pre-judgment interest at the rate of 18% per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

**COUNT III**
**BREACH OF GUARANTY AGAINST ELVIN SHTAYNER**

106.    Advantage repeats and realleges paragraphs 1 through 105 as though fully set forth herein as paragraph 106 of Count III of its Complaint.

107.    Elvin Shtayner defaulted under the Elvin Shtayner Guaranties by failing to make payment when due under the Loans and his guaranties thereof.

108.    Because of Elvin Shtayner's default under the Elvin Shtayner Guaranties,

Advantage is entitled to payment of the remaining periodic installments due under the Loans of $321,525.00, late charges of $25,414.32, other costs of $1,100.00, prejudgment interest, and attorneys' fees and costs.

109.    Elvin Shtayner has failed and refused to make payment despite demand.

WHEREFORE, Plaintiff ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP. respectfully requests that this Court enter judgment in its favor and against ELVIN SHTAYNER in the amount of $321,525.00, plus late charges of $25,414.32, plus other costs of $1,100.00, for a total of $348,039.32, plus pre-judgment interest at the rate of 18% per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

### COUNT IV
### BREACH OF GUARANTY AGAINST SEMYON SHTAYNER

110.    Advantage repeats and realleges paragraphs 1 through 109 as though fully set forth herein as paragraph 110 of Count IV of its Complaint.

111.    Semyon Shtayner defaulted under the Semyon Shtayner Guaranties by failing to make payment when due under the Loans and his guaranties thereof.

112.    Because of Semyon Shtayner's default under the Semyon Shtayner Guaranties, Advantage is entitled to payment of the remaining periodic installments due under the Loans of $321.525.00, late charges of $25,414.32, other costs of $1,100.00, prejudgment interest, and attorneys' fees and costs.

113.    Semyon Shtayner has failed and refused to make payment despite demand.

WHEREFORE, Plaintiff ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP. respectfully requests that this Court enter judgment in its favor and against SEMYON SHTAYNER in the amount of $321,525.00, plus late charges of $25,414.32, plus other costs of

$1,100.00, for a total of $348,039.32, plus pre-judgment interest at the rate of 18% per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

**COUNT V**
**BREACH OF GUARANTY AGAINST YASYA SHTAYNER**

114.    Advantage repeats and realleges paragraphs 1 through 113 as though fully set forth herein as paragraph 114 of Count V of its Complaint.

115.    Yasya Shtayner defaulted under the Yasya Shtayner Guaranties by failing to make payments when due under the Loans and her guaranties thereof.

116.    Because of Yasya Shtayner's default under the Yasya Shtayner Guaranties, Advantage is entitled to payment of the remaining periodic installments due under the Loans of $321,525.00, late charges of $25,414.32, other costs of $1,100.00, prejudgment interest, and attorneys' fees and costs.

117.    Yasya Shtayner has failed and refused to make payment despite demand.

WHEREFORE, Plaintiff ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP. respectfully requests that this Court enter judgment in its favor and against YASYA SHTAYNER in the amount of $321,525.00, plus late charges of $25,414.32, plus other costs of $1,100.00, for a total of $348,039.32, plus pre-judgment interest at the rate of 18% per annum, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

**COUNT VI**
**REPLEVIN AGAINST CHICAGO MEDALLION AND ALL CITY**

118.    Advantage repeats and realleges paragraphs 1 through 117 as though fully set forth herein as paragraph 118 of Count VI of its Complaint.

119.    Upon payment default under the Loans, Advantage is entitled possession of the

Loan No. xx2658 Vehicles, Loan No. xx 2666 Vehicles, Loan No. xx 2667 Vehicles, Loan No. xx 2669 Vehicles, Loan No. xx 2670 Vehicles, and Loan No. xx 2672 Vehicles (collectively the "Vehicles") without demand or notice.

120.    Advantage has been unable to secure the Vehicles by peaceful means.

121.    Chicago Medallion and All City are wrongfully and unlawfully detaining the Vehicles.

122.    Advantage has made demand upon Chicago Medallion and All City for the return of the Vehicles, but Chicago Medallion and All City have failed and refused to return same.

123.    Advantage will suffer irreparable damages if the Vehicles are not returned to Advantage.

124.    The Vehicles have not been taken for any tax, assessment, or fine levied by virtue of any laws of the state of Illinois, against the property of Advantage, nor seized under any lawful process against the goods and chattels of Advantage subject to such lawful process, nor held by virtue of any order for replevin, execution or attachment against Advantage.

125.    The Vehicles are located at 2378 W. Fulton Ave., Chicago, IL 60612, or such other location as may be determined through discovery.

126.    There are forty-nine (49) Vehicles collectively valued at $506,000.00, depending on market and physical condition.

WHEREFORE, ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP. respectfully requests that this Court enter an Order directing the United States Marshal, or any other designated officer, to use all necessary force to repossess the Vehicles, or any portion thereof, from CHICAGO MEDALLION MANAGEMENT CORP. and ALL CITY TAXI, LLC,

located at 2378 W. Fulton Ave., Chicago, IL 60612, or wherever they may be found, and enter

judgment against CHICAGO MEDALLION MANAGEMENT CORP. and ALL CITY TAXI,

LLC for the value of any Vehicles not so returned, plus attorneys' fees and costs, as well as all

other and further relief which this Court deems just.

**COUNT VII**
**<u>DETINUE AGAINST CHICAGO MEDALLION AND ALL CITY</u>**

127.    Advantage repeats and realleges paragraphs 1 through 126 as though fully set

forth here in as paragraph 127 of Count VII of its Complaint.

128.    Advantage is entitled to possession of the Vehicles due to the payment default

under the Loans.

129.    Chicago Medallion and All City are wrongfully retaining possession of the

Vehicles, because Chicago Medallion has defaulted under the terms of the Loans by failing to

make timely payments when due, and Chicago Medallion and All City have failed to surrender

the Vehicles despite demand.

130.    The Vehicles are in Chicago Medallion's and All City's possession and control.

WHEREFORE, ADVANTAGE FUNDING COMMERCIAL CAPITAL CORP.

respectfully requests that the Court enter an order compelling CHICAGO MEDALLION

MANAGEMENT CORP. and ALL CITY TAXI, LLC to surrender the Vehicles to Advantage at

a place and time directed by Advantage within fourteen (14) days of this Court's entry of

judgment.

ADVANTAGE FUNDING COMMERCIAL
CAPITAL CORP.,

By:     /s/ C. Randall Woolley
         D. Alexander Darcy, Esq. (ARDC #06620515)
         C. Randall Woolley, Esq. (ARDC# 06280067)
         ASKOUNIS & DARCY, P.C.
         444 N. Michigan Ave., Suite 3270
         Chicago, IL 60611
         312/784-2400
         312/784-2410 (Facsimile)
         adarcy@askounisdarcy.com
         rwoolley@askounisdarcy.com

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint for Replevin and Money Damages are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Kenneth Ferrer

Subscribed and sworn to before me

this _1r_ day of _SEPTEMBER_ , 2018.

Notary Public

MICHAEL JOHN TANZI
Notary Public - State of New York
NO. 01TA6258825
Qualified in Suffolk County,
My Commission Expires _9|2|20_

21